UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| KEYVAN SHAHRDAR | CIVIL ACTION NO. 06-0397 |
| versus | JUDGE HICKS |
| TECH DATA CORPORATION | MAGISTRATE JUDGE HORNSBY |
| CHARLES M. TATELBAUM | |

## REPORT AND RECOMMENDATION

Keyvan Shahrdar ("Plaintiff") filed this suit for slander under the Electronic

Communications Privacy Act 18 U.S.C. § 2702 *et seq.* against Tech Data Corp. and Charles

M. Tatelbaum ("Defendants"). Plaintiff alleges that Defendants, without cause, have

reported and continue to report through an online media distribution center incorrect

information regarding the Plaintiff's credit-worthiness. Plaintiff seeks injunctive relief,

statutory damages of $10,000,000.00 and attorneys fees and costs.

Tech Data filed a Motion to Dismiss (Doc. 8), now before the court, on the grounds

that the Plaintiff has failed to state a claim upon which relief can be granted. Fed.R.Civ.P.

12(b)(6). 18 U.S.C. § 2702 *et seq* provides in pertinent part:

> (1) a person or entity providing an electronic communication service to the
> public shall not knowingly divulge to any person or entity the contents of a
> communication while in electronic storage by that service; and (2) a person or
> entity providing remote computing service to the public shall not knowingly
> divulge to any person or entity the contents of any communication which is
> carried or maintained on that service--

Defendant contends that because the complaint fails to allege that Tech Data is "a person

or entity providing an electronic communication service or remote computing service to the public," no circumstances exist that would allow Plaintiff to prevail under Section 2702. Doc. 8-2 ¶ 3.  Plaintiff has not filed any opposition to the motion.

A plaintiff need not cite specific laws in his complaint; a short and plain statement of the claim showing that the pleader is entitled to relief is sufficient. Fed.R.Civ.P. 8(a).  Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

However, Plaintiff has based his complaint expressly and solely on Section 2702. This statute essentially prohibits an internet service provider, telephone company, or similar provider of an "electronic communication service" from divulging to a third party the contents of private e-mails or other communications.  Section 2702 has no apparent applicability to the facts alleged in the complaint.  Plaintiff has not responded to Defendant's motion to dismiss, explained the basis for his Section 2702 claim, or pleaded an alternative legal theory that would permit relief to be granted.  Accordingly, Tech Data's motion to dismiss should be granted.

Mr. Charles M. Tatelbaum was not mentioned in the body of the complaint; his name appeared only in the caption.  He was purportedly served by certified mail, but he has not filed an answer.  This court finds no legal theory in Plaintiff's complaint that would permit

relief to be granted against Defendant Tatelbaum. "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." <u>Bazrowx v. Scott</u>, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides the Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of his case. <u>See</u> <u>Magouirk v. Phillips</u>, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief can be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See <u>Douglass</u> <u>v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

      THUS DONE AND SIGNED at Shreveport, Louisiana, this 24th day of May, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE